IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FORTIS ADVISORS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:24-cv.00186-ALM |
| ATOS IT SOLUTIONS AND | § | |
| SERVICES, INC., and | § | |
| EVIDEN USA, INC., | § | |
| | § | |
| Defendants. | § | |

**JOINT REPORT OF ATTORNEY CONFERENCE
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order

Governing Proceedings entered on June 3, 2024 (Dkt. 20), Plaintiff Fortis Advisors, LLC ("Fortis"

or "Plaintiff") and Defendants Atos IT Solutions and Services, Inc. ("Atos") and Eviden USA, Inc.

("Eviden") (collectively "Defendants") jointly report to the Court that they conducted a Rule 26(f)

conference on June 20, 2024 and submit the following Joint Report of Attorney Conference.

      **1.**      **A brief factual and legal synopsis of the case.**

Plaintiff's Position:

      This case involves breach of a merger agreement between Fortis and Atos (and its successor-
in-interest, Eviden). Atos, a multinational information technology service company, entered into an
Agreement and Plan of Merger (the "Agreement,") with Fortis, in which Atos agreed to purchase
Nimbix, Inc. ("Nimbix") in exchange for a mix of upfront consideration, namely funds due at
closing, and certain agreed-upon "earnouts" that would be paid to the legacy Nimbix Securityholders
over the next several years based on the performance of the business that Atos was acquiring.

      The Agreement provided for two separate earnouts—one payment that would be due 12
months after closing and a second payment that would be due at the end of the following year—
assuming the "Business Unit Revenues" attributable to Nimbix met or exceeded $5 million and $11
million, respectively.  If these thresholds were met, the parties would use an agreed-upon formula
that would determine the amount owed to the Nimbix Securityholders.

1

Plaintiff alleges that Atos breached the Agreement in a number of respects, including but not limited to, failing to hire additional sales representatives within three months of the acquisition, failing to use commercially reasonably efforts to conduct the sale of products at arm's length prices, and failing to manage the business consistent with an agreed-upon Business Plan, all of which was done in an effort to decrease revenues so as to avoid paying the aforementioned earnout payment, which Defendants have not paid in further breach of the Agreement.

<u>Defendants' Position</u>:

This case arises out of an Agreement and Plan of Merger dated as of July 23, 2021 (the "Merger Agreement"), pursuant to which Atos agreed to acquire Nimbix, Inc. in exchange for tens of millions of dollars upfront and two potential "earnout" payments (the "Earnout Payments"), which could total nearly $20 million, that were contingent upon Nimbix meeting certain revenue targets in the two years immediately after closing of the transaction.   Plaintiff is the "Securityholders' Representative" under the Merger Agreement.  Eviden is not a party to the Merger Agreement and is not, and never has been, Atos's "successor-in-interest."

Under the terms of the Merger Agreement, plaintiff's entitlement to the Earnout Payments was dependent upon the Nimbix business meeting certain revenue targets, as calculated by Atos.  *See* Merger Agreement § 3.3.  Plaintiff admits that Atos made a First Earnout Payment of more than $6.5 million and does not claim any breach of the Merger Agreement with respect to that payment. Compl. ¶ 22.  Plaintiff claims, however, that Atos delivered a "grossly incorrect" calculation of the revenue attributable to the Nimbix business in the Earnout Notice with respect to the second earnout period, indicating that the business did not achieve the minimum revenue target required to trigger entitlement to a Second Earnout Payment.  *Id.* ¶ 37.  Plaintiff asserts that Atos breached the Merger Agreement in failing to make a Second Earnout Payment.

But under sections 3.2(c) and 3.3(g)(ii) of the Merger Agreement, the parties agreed to submit any disputes over a calculation in an Earnout Notice to an "Arbitrating Accountant" for conclusive, final, and binding determination.  In light of that explicit agreement to arbitrate, Defendants have moved to compel arbitration and stay this matter pending the conclusion of the arbitration.  *See* Dkt. 14, 25.  Eviden also requests dismissal of the complaint as against it, given that it is not a party to the Merger Agreement and the complaint does not otherwise plead any facts to support a claim of successor liability against Eviden under that agreement.

**2.      The jurisdictional basis for this suit.**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between the Plaintiff and Defendants, and the amount in controversy exceeds $75,000. No Party disagrees with the allegation of federal jurisdiction.

**3.      A list of the correct names of the parties to this action and any anticipated additional or potential parties.**

The names of the parties are correct, and no anticipated additional or potential parties are known at this time.

4.    **A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.**

None.

5.    **Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed.**

Defendants have filed a motion to compel arbitration and to stay this case (Dkt. 15), to which Plaintiff has responded (Dkt. 21), and in further support of which Defendants filed a reply (Dkt. 25). Plaintiff has also filed a sur-reply (Dkt. 28). Defendants' position is that discovery should be stayed altogether (including Rule 26(a)(1) initial disclosures) pending the resolution of the foregoing motion, which Plaintiff opposes. Defendants' position is that, because arbitration of the parties' dispute over the calculation in the Second Earnout Notice may moot some or all of this case, proceeding with discovery now may cause the parties to expend significant time and resources unnecessarily.

This case is set for a Rule 16 conference before the Court on July 24, 2024 (Dkt. 20), at which time it is expected the Court will address the foregoing motion and any request for a stay of discovery. As a result, Plaintiff and Defendants have conferred and are in agreement to provide Rule 26(a)(1) disclosures to one another within 14 days of the Rule 16 conference, or unless otherwise ordered by the Court.

6.    **Proposed scheduling order deadlines.**

Given Defendants' pending motion to compel arbitration and to stay pending arbitration, and given Defendants' position that discovery should be stayed pending resolution of that motion, the parties have not reached agreement on proposed scheduling order deadlines.

7.    **Describe in accordance with Rule 26(f):**

(i)    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

Plaintiff anticipates needing written discovery and possibly depositions of Atos representatives regarding, among other things, Defendants' breaches of the Agreement and the damages Plaintiff has suffered. Plaintiff does not believe discovery needs to be conducted in phases.

Defendants do not agree that discovery relating to plaintiff's allegations of breaches of the Agreement is necessary at this time, as those allegations all relate to the proper calculation of the Second Earnout Payment and thus are subject to mandatory arbitration before the Arbitrating Accountant. As stated above, Defendants believe that this case should be stayed in its entirety pending completion of the arbitration required under the Agreement. In the event that the Court retains any aspect of this case for adjudication, Defendants anticipate requiring written discovery and deposition testimony regarding plaintiff's false breach allegations. Defendants also anticipate that expert discovery may be necessary and propose that any such discovery be conducted after completion of fact discovery.

    (ii)    Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.

None known at this time.

    (iii)    Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.

None known at this time.

    (iv)    Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed, and

None known at this time.

    (v)    Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).

None known at this time.

**8.    State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The Court will appoint a mediator if none is agreed upon.**

There have been no meaningful discussions surrounding settlement at this time, which the parties agree is premature. The parties are not opposed to mediation and propose Hon. Jeff Kaplan, U.S.M.J. (Ret.) as a mediator.

**9.    The identity of persons expected to be deposed.**

At this time, Plaintiff may desire to depose several of Defendants' representatives regarding the allegations that form the basis of this lawsuit, the names of whom they do not know at this time.

As stated above, Defendants believe that all discovery in this matter, including depositions, should be stayed pending completion of the mandatory arbitration before the Arbitrating Accountant.

In the event that the Court permits some aspect of this case to go forward, Defendants intend to seek depositions of several witnesses, including without limitation a corporate representative of plaintiff and individuals with knowledge of facts underlying the allegations in the complaint, whose names are not known at this time.

**10.    Estimated trial time and whether a jury demand has been timely made.**

The parties anticipate a minimum of five days of trial time. No jury demand has been made.

**11.    The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

For Plaintiff: Eric C. Wood, Brown Fox PLLC.

For Defendants: Michael Smith, Scheef & Stone LLP, and Leon Medzhibovsky and Steven Rosato, DLA Piper LLP (US).

**12.    Whether the parties jointly consent to trial before a magistrate judge.**

At this time, the parties do not consent to trial before a magistrate judge.

**13.    Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.**

None at this time.

Respectfully submitted,

By: */s/ Eric C. Wood*
Eric C. Wood
State Bar No. 24037737
eric@brownfoxlaw.com
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, Texas 75034
(214) 327-5000

Andrew C. Debter
State Bar No. 24133954
andrew@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, Texas 75225
(214) 327-5000

ATTORNEYS FOR PLAINTIFF


Respectfully submitted,

By: */s/ Michael C. Smith*
Michael C. Smith
State Bar No. 18650410
michael.smith@solidcounsel.com
SCHEEF & STONE, LLP
113 East Austin Street
Marshall, Texas 75670
(903) 938-8900

Leon Medzhibovsky (pro hac vice)
leon.m@us.dlapiper.com
Steven M. Rosato (pro hac vice)
steven.rosato@us.dlapiper.com
DLA PIPER LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

Mallory Biblo
State Bar No. 24087165
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Tel: (214) 743-4500

mallory.biblo@us.dlapiper.com

ATTORNEYS FOR DEFENDANTS